# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK SR., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED CAPITAL, LLC, et al., <br><br> Defendants. | Case No.: 1:19-cv-01099 DAD JLT <br><br> FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND TO PROSECUTE THIS ACTION |

On August 12, 2019, the plaintiff initiated this action related to alleged violations of the Americans with Disabilities Act. (Doc. 1) The Court issued summonses on August 13, 2019 (Doc. 3) and its order setting the mandatory scheduling conference to occur on November 1, 2019 (Doc. 4) and after the plaintiff filed a First Amended Complaint on September 23, 2019 (Doc. 6), the Court again issued a summons to the newly named defendant (Doc. 7). In its order setting the mandatory scheduling conference, the Court advised counsel:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. Failure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.

(Doc. 4 at 1) Despite this, the plaintiff has not filed a proof of service of the summons and complaint as to Easiness LP and this defendant has not appeared in the action. On October 30, 2019, the Court

1

ordered the plaintiff to show cause why sanctions should not be imposed for his failure to comply with the Court's order and to prosecute this action. (Doc. 9) The plaintiff has failed to respond.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh

in favor of dismissal of the action.

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the . . . ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131 (citing Rubin v. Belo Broadcasting Corp., 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The plaintiff has failed to serve the action or take any action to prosecution this case, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." United States v. Nat'l Medical Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. See Malone, 833 F.2d at 133; Ferdik, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." Malone, 833 F.2d at 133.

The Court warned the plaintiff in the scheduling order that "[f]ailure to comply with this order may result in the imposition of sanctions." (Doc. 4 at 6.) Again, in the order to show cause, the Court stated that "a court may impose sanctions including dismissal of an action" based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. (Doc. 9 at 2.) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. Ferdik, 963 F.2d at 1262; see also Titus v. Mercedes Benz of North America, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the repeated warnings to the plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. See Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424; Titus, 695 F.2d at 749 n.6.

Given the plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. See Malone, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring

disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors"). Therefore, the Court **ORDERS**:

    1.    The scheduling conference is **VACATED**;

The Court **RECOMMENDS**,

    1.    That the action be DISMISSED without prejudice;

    2.    The Clerk of Court be DIRECTED to close this action.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **December 6, 2019**          **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE